[Cite as *Bazmore v. PT Auto Sales*, 2025-Ohio-4921.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

NEKO BAZMORE,

Plaintiff-Appellee,

v.

PT AUTO SALES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 CO 0009**

---

Civil Appeal from the
Columbiana County Municipal Court, of Columbiana County, Ohio
Case No. 2024 CVI 003410

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Appeal Dismissed.

---

Neko Bazmore, Pro se, Plaintiff-Appellee

Timothy Galloway, PT Auto Sales, Pro se, Defendant-Appellant

Dated: October 27, 2025

---

**WAITE, J.**

**{¶1}** Appellee Neko Bazmore filed a small claims action against Appellant PT Auto Sales (a sole proprietorship owned by Timothy Galloway) of East Liverpool, Ohio because a used car he purchased had a broken engine, so he wanted his purchase price returned. Appellant Galloway did not appear at the bench trial, and the trial court awarded default judgment to Appellee. Appellant filed a "motion for reconsideration," which was denied. Appellant did not appeal the default judgment. Instead, he appealed the denial of his request for reconsideration. Appellant claims on appeal that he was never served with the complaint. The judgment entry he appeals is the denial of a so-called motion for reconsideration. However, there is no provision in law for a motion for reconsideration of a trial court order. As a motion for reconsideration of a final judgment is a nullity under the Ohio Rules of Civil Procedure, an appeal from a ruling on a motion for reconsideration is also a nullity and must dismissed. However, even if the trial court had construed Appellant's motion as a Civ.R. 60(B) motion for relief from judgment, Appellant did not properly rebut the presumption that ordinary mail service was completed, and hence, he was properly served with the complaint. Appellant's sole assignment of error is overruled, and the appeal is dismissed.

<u>Facts and Procedural History</u>

**{¶2}** Appellee Neko Bazmore filed a small claims complaint in the Columbiana County Municipal Court on December 17, 2024. He claimed that he purchased a 2011 Chrysler 200 automobile from Appellant PT Auto Sales, owned by Timothy Galloway and that he was promised the car was in good condition. He discovered later that the engine had a broken head gasket. He asked for $3,377 in damages plus interest from October

7, 2024.  A bill of sale for the car was attached to the complaint listing the price as $3,065.00.

**{¶3}**    The clerk of courts mailed a copy of the complaint to Appellant by certified mail on December 18, 2024.  On January 21, 2025 the complaint was returned as unclaimed and unable to forward.  On January 22, 2025 the clerk sent a notice to Appellee that the complaint had not been served and that Appellee could send an alternative request for service.  On January 28, 2025 Appellee requested a certificate of mailing of the complaint.  The complaint was served a second time, this time by ordinary mail, and the certificate of mailing was filed January 29, 2025.  On that same date the court sent a notice to the parties that trial would be held on March 7, 2025.  Neither the second ordinary mail service nor the notice of the hearing was returned to the court as unclaimed or undeliverable.

**{¶4}**    The court held a hearing on March 7, 2025.  Appellee appeared *pro se*, but Appellant did not appear.  The court granted default judgment to Appellee in the amount of $3,065 plus interest at 8 percent.  The final judgment entry was filed on March 7, 2025.  A copy of the final judgment sent to Appellant was not returned as undeliverable.  No appeal was taken of the judgment.

**{¶5}**    On March 13, 2025, Appellant filed a motion seeking reconsideration of the March 7, 2025 default judgment awarded to Appellee.  In this motion Appellant argued he did not receive notice of the March 7, 2025 court date.  The court denied the motion on March 17, 2025.

**{¶6}**    On March 31, 2025, Appellant filed an appeal of the March 17, 2025 judgment entry denying the request for reconsideration.  Appellant filed a brief on June

12, 2025.  Appellee filed a document purporting to be a responsive brief on July 30, 2025, but this Court rejected the filing and ordered Appellee to file a conforming brief.  .

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ENTERING DEFAULT JUDGEMENT [SIC] AGAINST APPELLANT WITHOUT PROPER SERVICE OF PROCESS.

THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGEMENT [SIC] UNDER CIV.R.60(B), WHERE APPELLANT DEMONSTRATED HE WAS NEVER NOTIFIED OF THE PROCEEDINGS AND HAD A MERITORIOUS DEFENSE.

**{¶7}**    Appellant argues that he did not receive service of the complaint and that default judgment against him was improper.  He argues that he filed a motion for relief from judgment, that he attached proof that he was not served, and that the trial court should have granted relief from judgment.

**{¶8}**    Appellant's argument is incorrect in a number of ways.  First, Appellant filed a motion for "reconsideration" of the final judgment.  The trial court's denial of this motion for reconsideration is the sole order on appeal.  However, a motion for reconsideration of a final judgment is a nullity under the Rules of Civil Procedure.  *Nannicola v. Rosan*, 2012-Ohio-5338, ¶ 5 (7th Dist.), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St .2d 378 (1981), paragraph one of the syllabus.  As such motion is not provided by law, any appeal from a ruling on such a motion is also a nullity that must be dismissed for lack of jurisdiction. *Coutcher v. Coutcher*, 2003-Ohio-791, ¶ 11 (6th Dist.).

Case No. 25 CO 0009

**{¶9}** Assuming arguendo dismissal was not required and Appellant could litigate this appeal on the merits, his assignment of error would fail regardless because in his motion for reconsideration he argued that he did not receive notice of the March 7, 2025 hearing date, but on appeal he argues that he was not properly served with the complaint. Appellant cannot argue on appeal that the trial court failed to reconsider an issue that it was not asked to reconsider in Appellant's request for reconsideration.

**{¶10}** Further assuming that Appellant could challenge service of the complaint in this appeal, the record shows that service was attempted on December 18, 2024, but was returned as unclaimed and unable to forward. The clerk notified Appellee of the failed service, and Appellee requested service by ordinary mail. A second service was made on January 29, 2025. A certificate of mailing was filed. The ordinary mail service was not returned. There is no indication that there was failure of service as undeliverable. The record shows that the procedure for service of a complaint set forth in Civ.R. 4.6 was followed.

**{¶11}** A hearing date of March 7, 2025 was set by the court and notice of the hearing was sent on January 29, 2025. This notice indicates that a copy was sent to Appellant. Again, this notice was not returned as unclaimed or undeliverable. Appellant was also sent a copy of the final judgment, and likewise, it was not returned as unclaimed or undeliverable. Appellant admits he did receive the final judgment mailed to him.

**{¶12}** Appellant claims the court should have granted a Civ.R. 60(B) motion for relief from judgment, even though a Civ.R. 60(B) motion was not filed. The only motion filed by Appellant sought reconsideration of the final order. Even if Appellant had properly filed a Civ.R. 60(B) motion pursuant to rule, he did not attach any rebuttal evidence to the

motion, such as an affidavit describing why he believed he did not receive the complaint. Even so, the trial court would have been within its discretion to overrule the motion. "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Hamilton v. Spirtos*, 2002-Ohio-1562, ¶ 23 (7th Dist.), citing *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). "The term 'abuse of discretion' means an error in judgment involving a decision that is unreasonable based upon the record; that the appellate court merely may have reached a different result is not enough." *Craig v. Athey*, 2025-Ohio-336, ¶ 22 (7th Dist.), citing *In re S.S.L.S.*, 2013-Ohio-3026, ¶ 22 (7th Dist.).

{¶13} Appellant acknowledges that service sent by ordinary mail is deemed complete if not returned showing failure of delivery. *Cent. Ohio Sheet Metal, Inc. v. Walker*, 2004-Ohio-2816, ¶ 9 (10th Dist.). "Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.5(D). The presumption of delivery is rebuttable if a proper Civ.R. 60(B) motion is filed, but whether it has been rebutted is within the discretion of the trial court. *Cent. Ohio Sheet Metal, Inc.* at ¶ 7. Importantly, Appellant does not deny he received notice of the final judgment at the same address that he claims he did not receive the complaint or notice of the hearing.

{¶14} Appellant's argument fails on jurisdictional grounds, but would also fail based on the facts even if we had jurisdiction in this case. For the reasons discussed above, Appellant's assignment of error is overruled, and the appeal is dismissed.

## Conclusion

**{¶15}** This matter began as a small claims action. Appellant did not appear at trial. The trial court granted default judgment to Appellee. Appellant filed a motion purporting to seek reconsideration with the trial court, stating that he never received notice of the hearing. The court denied the motion and Appellant appealed only that judgment entry. On appeal, Appellant argues he was never served with the complaint. Because this appeal is directed to denial of a motion for reconsideration of a final judgment, and such a motion is a nullity, we have no jurisdiction and the appeal must be dismissed. Even if Appellant had filed the appropriate motion for relief from judgment, the record shows the complaint and the notice of trial were served by ordinary mail and were not returned by the USPS, and that Appellant received other mail from the court at the same address. This record reveals the procedure for service described in Civ.R. 4.6(D) was followed. Appellant's sole assignment of error is overruled, and the appeal is hereby dismissed for lack of jurisdiction.

Robb, P.J. concurs.

Hanni, J. concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's assignment of error is overruled, and the appeal is hereby dismissed for lack of jurisdiction. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## **NOTICE TO COUNSEL**

**This document constitutes a final judgment entry.**